The indictment in this case charged Mease with wilfully, feloniously and of his malice aforethought killing and murdering Osborn Bell, a peace officer.
To convict him of any kind of murder it was incumbent upon the State to prove beyond a reasonable doubt that Mease, with a deliberate design, shot and killed Bell. To increase the crime to capital murder, it was incumbent upon the State to prove not only murder, but murder by Mease with knowledge that Bell was a peace officer. To make the slaying of a peace officer capital murder, there is first the requirement that all the elements of murder be proved as well. See: Miss. Code Ann. §§ 97-3-19(1)(a);97-3-19(2)(a).
Mease did not testify in his own behalf. He is the only person in the world who knows whether he shot Bell intentionally or accidentally. In my dissent in White v. State, 532 So.2d 1207, 1224-1226 (Miss. 1988), numerous cases are cited and discussed which hold that it is not the duty of the court to conjure possible defenses for an accused who does not testify in his own behalf. This is, of course, especially true when the accused is the only person who can answer whether a slaying with a deadly weapon was something other than murder. I would certainly agree with the dissent in this case, therefore, except for one fact: the testimony of the deputy sheriff that Mease did not fire the .22 caliber pistol until he had been struck up beside the head twice with a .357 caliber Magnum pistol. This raised a factual issue of whether it was the pistol blows on his head which caused the .22 to fire, or whether it was an intentional, deliberate act by Mease to shoot Bell. A trial jury would have been perfectly free to totally reject the contention that it was an accident, and especially so since Mease did not choose to testify. But Mease was clearly entitled, in view of this testimony, to have the hypothesis of accident submitted to a jury under proper court instructions. *Page 1338 
As the majority notes, we have a number of manslaughter statutes, and the defense did not choose the correct one. Had it done so, I am confident the very able circuit judge would have granted it. There have been very few cases under Miss. Code Ann. § 97-3-27, and it no doubt escaped the circuit judge's attention as it manifestly escaped the attention of defense counsel.
As the majority rightly concludes, in my view, in order to justify an instruction authorizing a jury to convict of a lesser crime than the one with which the accused stands charged it must be a lesser "included" offense.
This Court has been extraordinarily lenient with the State, however, in that we have repeatedly authorized the circuit court to grant the State a manslaughter instruction when manslaughter was clearly not a lesser included offense. We have authorized manslaughter instructions be given the State when the proof showed that the accused could only be guilty of murder or innocent. Harrison v. State, 307 So.2d 557, 652 (Miss. 1975);Moore v. State, 194 So. 921 (Miss. 1940); Bradford v. State,
161 So. 138 (Miss. 1935); Calicoat v. State, 131 Miss. 169, 95 So. 318 (1923). It was in Calicoat v. State that this Court started down this road, holding — despite vigorous dissents — that it was "harmless error" to give a manslaughter instruction to the State where there was proof from which the jury could find the defendant guilty of murder.
This Court having been rather lenient to the State in granting manslaughter instructions, in my view, constitutes ever more reason for Mease's entitlement to such an instruction in this case.
SULLIVAN and ZUCCARO, JJ., join this opinion.